**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Apple iPhone.<br><br>Defendant. | Civil Action No.: 8:26-cv-629 (BKS/PJE) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, by its attorneys, brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "Defendant Phone") and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

**NATURE OF THE ACTION**

This is an action *in rem* brought pursuant to Title 18, United States Code, Section 2254 and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the Defendant Phone as a phone used to facilitate the transportation of child pornography. Section 2254 provides for the forfeiture of the following:

> Any property subject to forfeiture pursuant to section 2253 may be forfeited to the United States in a civil case in accordance with the procedures set forth in Chapter 46.

18 U.S.C. § 2254.

Section 2253 provides as follows:

> (a)Property Subject to Criminal Forfeiture.—A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2252B of this chapter, or who is convicted of

> an offense under chapter 109A, shall forfeit to the United States such person's interest in—
>
> > (1) any visual depiction described in section 2251, 2251A, or 2252 [2] 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
> >
> > …
> >
> > (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

*See* 18 U.S.C. Section 2253 (subsection (a)(2) omitted above because it is not relevant to this proceeding).

**THE PARTIES**

1. The Plaintiff is the United States of America.

   a. The Defendant Phone is an Apple iPhone.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the Defendant Phone and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides

that a forfeiture action or proceeding "may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

4. Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b).

**FACTS**

5. On November 13, 2025, Joan Eliassaint ("Eliassaint") and Wilson Desbouquets ("Desbouquets") were apprehended by United States Border Patrol ("USBP") agents in Churubusco, New York after illegally entering into the United States from Canada.

6. Record checks revealed that Eliassaint and Desbouquets were Hattian nationals with no legal right to be in the United States.

7. An interview was conducted with both Eliassaint and Desbouquets by USBP agents after they both agreed to waive their Miranda rights and answer questions without a lawyer present.

8. During both interviews, Eliassaint and Desbouquets admitted that they crossed the international border at a place other than a designated port of entry by walking through the woods and they both knew this was illegal. They claimed to be coming into the United States to get a flight to go back to Haiti.

9. Eliassaint and Desbouquets gave written and oral consent for agents to review their cellular devices, which were on their persons.

10. During the examination of Eliassaint's cellular device, agents located what was believed to be a video of a nude, pre-pubescent child and agents from the Department of Homeland Security ("DHS") were notified.

11. On December 3, 2025, agents from DHS examined Eliassaint's cellular device and verified that there were videos of child pornography in the gallery section.

12. Thereafter, agents conducted an interview with Eliassaint after she waived her Miranda rights and agreed to speak with agents without a lawyer present.

13. During the interview, Eliassaint was advised of the video found on her phone at which time she stated she did not know the little boy in the video and that it was sent to her by her husband, Desbouquets. She further stated Desbouquets advised in a message that followed the video that he sent it because he was a police officer in Haiti and wanted to show her that someone was doing something very bad to this little child and it hurts him. When asked to provide that conversation between her and Desbouquets, she changed her statement and said that it was a conversation they had at their house. Eliassaint acknowledged she knew the child was being abused and that if she knew it was illegal in the United States, she would have deleted it. She declined to confirm if there were other videos of young children being abused on her phone.

14. On December 8, 2025, DHS agents obtained and executed a federal search warrant on both Eliassaint and Desbouquets' cellular phones.

15. During the execution of the warrant on Eliassaint's phone, agents located two videos ranging from 1:07 minutes to 1:12 minutes long and one image depicting child pornography. The images and videos contained children ranging in age from approximately four to twelve years old.

16. The first video depicts an African American male, approximately 4 years old who was receiving oral sex from an adult African American female who was complete naked. The adult female then lays the pre-pubescent male on his back and inserts his penis into her vagina while squatting over him.

17. The second video depicts a pre-pubescent female approximately 12 years old laying in a hospital bed. The pre-pubescent female was not wearing any clothes and had a white blanket covering her vaginal area. An adult hand pulls the white blanket away, exposing her vagina for an extended period.

18. During the execution of the warrant on Desbouquets's phone, agents located nineteen videos ranging from 0:04 minutes to 4:26 minutes long and four images depicting child pornography. The images and videos contained children ranging in age from approximately four to seventeen years old.

19. One of the videos found on Desbouquet's phone depicts an African American male, approximately 4 years old who was receiving oral sex from an adult African American female who was complete naked. The adult female then lays the pre-pubescent male on his back and inserts his penis into her vagina while squatting over him.

20. A second video found on Desbouquet's phone depicts a pre-pubescent female approximately 7 years old. The video also depicts an adult male, fully nude, and laying on his back. The pre-pubescent female inserts the adult male's penis into her vagina. The video also depicts an image on the bottom right corner with the text "7 yo".[1]

21. On December 11, 2025, criminal complaint was filed against Eliassaint and Desbouquets in the United States District Court for the Northern District of New York under case number 8:25-mj-398 (GLF) charging violation of 18 U.S.C. § 2252A (a)(5)(B).

22. The phone that the government seeks to forfeit belongs to Desbouquets and contains depictions of child pornography as described above.

[1] Not all of the child pornography found on Desbouquet's phone are described. These are only two illustrative examples.

## CONCLUSION

23. The facts set forth above support a reasonable belief, as required by Supplemental Rule G(2)(f), that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Phone to file and serve a Verified Claim and Answer as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G(5)(a) and (b);

(3) Enter judgment declaring the Defendant Phone be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems proper and just.

Dated: March 27, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: *<u>/s/ Jeffrey D. Brown</u>*
Jeffrey D. Brown
Assistant United States Attorney
Bar Roll No. 707241

VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF )

Tyler Marshall, being duly sworn, deposes and states:

I am a Special Agent with Homeland Security Investigations. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this __ day of April, 2026.

Tyler Marshall
Special Agent
Homeland Security Investigations

Sworn to and subscribed before me this 1 day of April, 2026.

Notary Public

KRISTINA MARIE FOUNTAIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01FO6333782
Qualified in Franklin County
Commission Expires December 07, 2028